was admitted in evidence, weighed 161.5 grams, or 5.7 ounces. Despite police precautions, the bag also contained some foreign material such as hair, dust and dirt particles which were vacuumed along with the cocaine. It is well established that non-prohibited substances mixed with a narcotic can be included in determining the aggregate weight of the controlled substance for the purpose of defining the degree of the crime (see, People v Nelson, 144 AD2d 714, 717, lv denied 73 NY2d 894; People v Konyack, 99 AD2d 588; People v La Porta, 56 AD2d 983). Here, the People were under no obligation to prove pure weight of the cocaine and the jury, viewing the evidence, could reasonably determine that the aggregate weight of the substance containing the cocaine exceeded four ounces or more (Penal Law § 220.21 [1]) and that the quantity of foreign substance was insignificant. The jury's factual determination has support in the record and I would affirm defendant's conviction. (Appeal from Judgment of Onondaga County Court, Elliott, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Callahan, J. P., Green, Lawton, Davis and Doerr, JJ.

■ ROBERT D. PAULHAMUS et al., Respondents, v DIANE T. DOYLE, Appellant, et al., Defendant. (Appeal No. 1.)—Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Purple, Jr., J. (Appeal from Order of Supreme Court, Steuben County, Purple, Jr., J.—Vacate Default Judgment.) Present—Callahan, J. P., Green, Lawton, Davis and Doerr, JJ.

■ ROBERT D. PAULHAMUS et al., Respondents, v DIANE T. DOYLE, Appellant, et al., Defendant. (Appeal No. 2.)—Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Purple, Jr., J. (Appeal from Order of Supreme Court, Steuben County, Purple, Jr., J.—Breach of Occupancy Agreement.) Present—Callahan, J. P., Green, Lawton, Davis and Doerr, JJ.

■ ROBERT D. PAULHAMUS et al., Respondents, v DIANE T. DOYLE, Appellant, et al., Defendant. (Appeal No. 3.)—Order unanimously affirmed without costs for reasons stated at Supreme Court, Purple, Jr., J. (Appeal from Order of Supreme Court, Steuben County, Purple, Jr., J.—Enforce Judgment.) Present—Callahan, J. P., Green, Lawton, Davis and Doerr, JJ.

■ ROBERT D. PAULHAMUS et al., Respondents, v DIANE T. DOYLE, Appellant, et al., Defendant. (Appeal No. 4.)—Order unanimously affirmed without costs for reasons stated in

decision at Supreme Court, Purple, Jr., J. (Appeal from Order of Supreme Court, Steuben County, Purple, Jr., J.—Vacate Default Judgment.) Present—Callahan, J. P., Green, Lawton, Davis and Doerr, JJ.

■ In the Matter of JOHN B. and Another, Infants.—Order unanimously affirmed without costs. Memorandum: The order dispensing with respondent's consent to the adoption of her two children is supported by clear and convincing evidence. As Family Court concluded, respondent's conduct clearly evinced an intent to forego her parental rights and obligations (see, Domestic Relations Law § 111 [2] [a]). (Appeal from Order of Cattaraugus County Family Court, Kelly, J.—Adoption.) Present—Callahan, J. P., Green, Lawton, Davis and Doerr, JJ.

■ In the Matter of VILLAGE OF ATTICA, Respondent, v IRVINE NUTTY et al., Appellants.—Order unanimously reversed in the exercise of discretion without costs, motion granted and judgment reinstated. Memorandum: Respondents should be relieved of their abandonment under 22 NYCRR 202.48 because they demonstrated good cause for their failure to comply therewith. Respondents, who proceeded on a *pro se* basis, were not aware of the rule. Additionally, certain correspondence between the Village Attorney and the attorney for the claimant in a consolidated action misled respondents into believing that further guidance from the court was necessary before a final judgment could be entered. Moreover, it would be inequitable to allow the failure of these *pro se* litigants to comply with a court rule to deprive them of the just compensation to which they became entitled after the Village condemned their property. Respondents clearly never intended to abandon their claim. (Appeal from Order of Supreme Court, Wyoming County, Newman, J.—Renewal.) Present—Callahan, J. P., Green, Lawton, Davis and Doerr, JJ.

■ SUSAN LACY et al., Appellants, v GUTHRIE CLINIC, LTD., et al., Respondents.—Judgment unanimously reversed on the law with costs and new trial granted. Memorandum: In this medical malpractice action, Supreme Court erred in granting defendants' motion to dismiss plaintiffs' complaint at the close of all the evidence. Plaintiffs made out a prima facie case (see, *Rhabb v New York City Hous. Auth.*, 41 NY2d 200, 202).

A trial court may dismiss a complaint at the close of the evidence presented (see, CPLR 4401) only if there is no rational basis whereby the jury might find for the plaintiff as against the moving defendants (*Rhabb v New York City Hous. Auth., supra; Spano v County of Onondaga,* 135 AD2d 1091,